2009 Ark. 203

Edward TRUSCLAIR, Appellant,

v.

McGOWAN WORKING PARTNERS, Appellee.

No. 08–769.

Supreme Court of Arkansas.

April 16, 2009.

Ronald L. Griggs, El Dorado, for appellant.

Greer, McCasland & Miller, LLP, by: William W. Miller, Jr., Texarkana, for appellee.

ANNABELLE CLINTON IMBER, Justice.

This appeal arises from the dismissal with prejudice of a complaint filed by Appellant Edward Trusclair. The facts forming the basis of this case are not in dispute. Appellant's original complaint against Appellee McGowan Working Partners was voluntarily dismissed without prejudice on May 26, 2006. Appellant then refiled his complaint on March 6, 2007, demanding damages from Appellee as a result of injuries allegedly caused by Appellee. The circuit court dismissed Appellant's complaint with prejudice on May 1, 2008.

Appellee is a foreign corporation with its principal place of business in Mississippi and an agent designated for service of process in Arkansas. Appellant served the agent by certified mail and return receipt on March 8, 2007, with a copy of the complaint attached to a properly issued summons. The summons, however, contained an error stating that Appellee had twenty (20) days from the date of service to answer the complaint. Rule 12(a) of the Arkansas Rules of Civil Procedure allows foreign corporations thirty (30) days to answer. Appellee filed an answer on March 26, 2007, within the 20–day period, and pointed out that the summons' statement of a 20–day period violated Ark. R. Civ. P. 12(a). Appellee's answer also addressed the allegations made in the complaint. Appellant did not serve a corrected summons on Appellee within 120 days of the filing of the complaint as required by Ark. R. Civ. P. 4(i), nor did he file any motion to extend within that period.

On July 13, 2007, Appellee filed a motion to dismiss with prejudice for lack of jurisdiction. The circuit court held a hearing on April 9, 2008, and granted Appellee's motion to dismiss. Because the 120–day period for service of summons had expired without an extension, the circuit court concluded that it lacked jurisdiction to amend the defective summons. In addition, as this was the second dismissal, the circuit court dismissed Appellant's complaint with prejudice pursuant to Ark. R. Civ. P. 41. Appellant filed a timely notice of appeal on May 9, 2008.

The sole issue on appeal is whether the incorrect statement in the summons as to the deadline for filing an answer constitutes a sufficient defect to invalidate the service of process and deprive the circuit court of jurisdiction. We have jurisdiction over the case pursuant to Ark. Sup.Ct. R. 1–2(b)(5) because the appeal involves significant issues needing clarification or development of the law, or overruling of precedent.

430

It is undisputed that the only defect in the summons was the statement that Appellee had 20 days instead of 30 days to file an answer. Ark. R. Civ. P. 4(b) mandates the form of the summons:

> (b) Form. The summons shall be styled in the name of the court and shall be dated and signed by the clerk; be under the seal of the court; contain the names of the parties; be directed to the defendant; state the name and address of the plaintiff's attorney, if any, otherwise, the address of the plaintiff; and the time within which these rules require the defendant to appear, file a pleading, and defend and shall notify him that in case of his failure to do so, judgment by default may be entered against him for the relief demanded in the complaint.

Ark. R. Civ. P. 4(b) (2008). According to Ark. R. Civ. P. 12(a)(1), "A defendant shall file his or her answer within 20 days after the service of summons and complaint upon him or her, except that: (A) a defendant not residing in this state shall file an answer within 30 days after service...." Ark. R. Civ. P. 12(a)(1) (2008).

Appellant argues that strict compliance with Rule 4(b) should not be applied to this case because it is preferable to decide cases on the merits and, in this case, Appellee did not suffer any prejudice. Appellee, on other hand, responds that the technical requirements of Rule 4 must be met exactly in order for process and service of process to be valid.

Our case law is well-settled that statutory service requirements, being in derogation of common-law rights, must be strictly construed and compliance with them must be exact. *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 120 S.W.3d 525 (2003). This court has held that the same reasoning applies to service requirements imposed by court rules. *Id.* More particularly, the technical requirements of a summons set out in Ark. R. Civ. P. 4(b) must be construed strictly and compliance with those requirements must be exact. *Id.* Actual knowledge of a proceeding does not validate defective process. *Carruth v. Design Interiors, Inc.*, 324 Ark. 373, 921 S.W.2d 944 (1996). The reason for this rule is that service of valid process is necessary to give a court jurisdiction over a defendant. *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co., supra*; *Posey v. St. Bernard's Healthcare, Inc.*, 365 Ark. 154, 226 S.W.3d 757 (2006).

We have made it clear in a long line of cases that compliance with Rule 4(b) must be exact. *See Brennan v. Wadlow*, 372 Ark. 50, 270 S.W.3d 831 (2008); *Posey v. St. Bernard's Healthcare, Inc., supra*; *Shotzman v. Berumen III, M.D.*, 363 Ark. 215, 213 S.W.3d 13 (2005); *Tobacco Superstore, Inc. v. Darrough*, 362 Ark. 103, 207 S.W.3d 511 (2005); *Nucor Corp. v. Kilman*, 358 Ark. 107, 186 S.W.3d 720 (2004); *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co., supra*. The bright line standard of strict compliance permits certainty in the law; whereas, a substantial compliance standard would lead to an ad hoc analysis in each case in order to determine whether the due process requirements of the Arkansas and U.S. Constitutions have been met.

With regard to the instant appeal, our court's decision in *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co., supra*, is particularly instructive. In that case, the defendant's designated agents for service of process were properly served, but the summonses did not identify the defendants correctly, and the summonses misstated the time in which an out-of-state defendant is required to respond. The circuit court dismissed Smith's complaint with prejudice based on the deficiencies in

the summonses. *Id.* Because the service requirements imposed by the court rules must be strictly construed and compliance with them must be exact, we concluded that the circuit court had properly dismissed Smith's complaint for failure of service of valid process under Rule 12(b). *Id.* Likewise, in the instant case, the summons misstated the time in which an out-of-state defendant is required to respond. Thus, the circuit court properly applied the above-cited case law and dismissed Appellant's complaint based upon the deficiency of the summons under Rule 4(b).

Appellant nonetheless suggests that the circuit court should have amended the summons pursuant to Ark. R. Civ. P. 4(h). His response to Appellee's motion to dismiss included a request to amend the summons, which request was reiterated at the hearing. Rule 4(h) provides that "[a]t any time in its discretion and upon such terms as it deems just, the court may allow any summons or proof of service thereof to be amended unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the summons is issued." Ark. R. Civ. P. 4(h) (2008). Appellant, however, failed to obtain service of valid process on Appellee within 120 days after the filing of the complaint; nor did he file any motion to extend within that period, as required by Ark. R. Civ. P. 4(i). Pursuant to Rule 4(i), "If service of the summons is not made upon a defendant within 120 days after the filing of the complaint, the action shall be dismissed as to that defendant without prejudice upon motion or upon the court's initiative. If a motion to extend is made within 120 days of the filing of the suit, the time for service may be extended by the court upon a showing of good cause." Ark. R. Civ. P. 4(i) (2008). By its plain language, which we have strictly construed, Rule 4(i) requires that service of process be accomplished within 120 days

after the filing of the complaint unless the plaintiff has filed a motion to extend time prior to the expiration of the deadline. *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 120 S.W.3d 525. If service is not obtained within that time and no timely motion to extend is made, dismissal of the action is mandatory. *Id.* Appellant did not accomplish service of valid process within 120 days after the filing of the complaint or move for an extension within that period. Thus, the dismissal of Appellant's complaint was mandatory.

■ Finally, we are required to consider Rule 41 of the Arkansas Rules of Civil Procedure which governs the dismissal of actions in civil proceedings. With regard to involuntary dismissal, Rule 41(b) provides in pertinent part: "[a] dismissal under this subdivision is without prejudice to a future action by the plaintiff unless the action has been previously dismissed, whether voluntarily or involuntarily, in which event such dismissal operates as an adjudication on the merits." Ark. R. Civ. P. 41(b) (2008). Appellant's original complaint against Appellee was dismissed without prejudice on May 26, 2006. The complaint at issue was refiled on March 6, 2007. Pursuant to Ark. R. Civ. P. 41(b), the second dismissal operates as an adjudication on the merits. Ark. R. Civ. P. 41(b) (2008). Therefore, the circuit court properly dismissed Appellant's complaint with prejudice. *Bakker v. Ralston*, 326 Ark. 575, 932 S.W.2d 325 (1996).

Affirmed.