
# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-13-550

| | |
|---|---|
| | **Opinion Delivered** May 7, 2014 |
| LINDA J. EARLS and TONY L. EARLS | APPEAL FROM THE GREENE COUNTY CIRCUIT COURT |
| APPELLANTS | [NO. CV-2006-247] |
| V. | HONORABLE PAMELA HONEYCUTT, JUDGE |
| HARVEST CREDIT MANAGEMENT VI-B, LLC | |
| APPELLEE | REVERSED |

## RHONDA K. WOOD, Judge

Under the Arkansas Rules of Civil Procedure, a summons must include the correct time period for a defendant to respond to the complaint. This is a strict requirement, and parties must comply with it exactly. Here, Harvest Credit Management served Linda and Tony Earls ("Earls")[1] with a summons that incorrectly stated the time to respond for an incarcerated defendant and obtained a default judgment. We hold that this summons is defective, even though neither Tony nor Linda was in jail, because it fails our bright-line test of strict compliance. We therefore reverse the court's denial of Earls's motion to set aside the default judgment.

In 2006, Harvest sued Earls on a delinquent credit-card account. It is undisputed that the summons Harvest used contained an error: it said that an incarcerated defendant

---

[1]For simplicity, we refer to Linda and Tony by the singular "Earls."

SLIP OPINION

had 30 days, instead of 60 days, to file an answer. Nevertheless, Harvest obtained a default judgment against Earls. In 2012, Earls filed a motion to set aside the default judgment, arguing that the summons did not strictly comply with the Arkansas Rules of Civil Procedure and that the judgment was void. The circuit court denied the motion and ruled that service had been proper. Earls appealed.

Because Earls's basic argument is that the underlying judgment is void for lack of valid service, we review the circuit court's denial of the motion to set aside the default judgment de novo. *Talley v. Asset Acceptance, LLC*, 2011 Ark. App. 757. We construe court rules using the same principles we use to interpret statutes: we give the words their ordinary and usually accepted meaning in common language. *Maestri v. Signature Bank of Ark.*, 2013 Ark. App. 174. If the language is plain and unambiguous, we do not resort to the rules of statutory construction. *Id.*

Rule 4(b) of the Arkansas Rules of Civil Procedure (2013) specifies, in part, that the summons shall state "the time within which these rules require the defendant to appear, file a pleading, and defend." Our supreme court has established a bright-line test and held that the rule's "technical requirements . . . must be construed strictly and compliance . . . must be exact." *Trusclair v. McGowan Working Partners*, 2009 Ark. 203, at 4, 306 S.W.3d 428, 430. A summons that misstates the deadline for responding to the complaint does not strictly comply with the service requirements and deprives the circuit court of jurisdiction. *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 120 S.W.3d 525 (2003); *Maestri, supra.* Our supreme court has noted that "[t]he bright line standard of strict compliance permits certainty in the law; whereas, a substantial

compliance standard would lead to an ad hoc analysis in each case in order to determine whether the due process requirements of the Arkansas and U.S. Constitutions have been met." *Trusclair*, 2009 Ark. 203, at 4, 306 S.W.3d at 430. At the time Harvest Credit filed its complaint, Rule 12 provided that in-state defendants had 20 days to respond, out-of-state defendants had 30 days to respond, and incarcerated defendants had 60 days to respond.[2] Ark. R. Civ. P. 12(a) (2006).

Our supreme court has ruled in two cases that a summons was defective because it misstated the time the defendant had to respond under the prior rule. For example, in *Trusclair, supra*, the court ruled that a summons was defective because it told a foreign corporation that it had 20, rather than 30, days to respond. Similarly, the court ruled that a summons was defective when it told a *domestic* corporation that it had 30, rather than 20, days to respond. *Patsy Simmons Ltd. P'ship v. Finch*, 2010 Ark. 451, 370 S.W.3d 257. But no Arkansas case has addressed whether a summons is defective because the summons had the incorrect time to respond for an incarcerated defendant.[3]

Despite the lack of established precedent dealing with a mistake in the summons that was inapplicable to the actual defendant, we can apply the relevant principles and the rule's plain language to decide this case. In so doing, we hold that the summons was defective because it stated that an incarcerated defendant had only 30 days to respond,

---

[2]The rule has since been modified to provide that both in-state and out-of-state defendants have 30 days to file an answer. Ark. R. Civ. P. 12(a) (2013).

[3]An unreported federal district court decision has addressed this issue. The court held that the summons, which was identical to the one in this case, was defective. *Charkoma Res., LLC v. JB Energy Explorations, LLC*, No. 09-02119, 2009 WL 4829014 (W.D. Ark. Dec. 8, 2009).

instead of the correct 60 days. This holding permits certainty in the law and is consistent with our supreme court's mandate to apply a bright-line standard. If we were to require a summons to correctly state the 60-day requirement only if the defendant were incarcerated, as Harvest contends, we would have to engage in the rejected "ad hoc analysis." A plaintiff cannot know with certainty whether a defendant will be incarcerated when served, and the bright-line test relieves courts from deciding on a case-by-case basis whether the correct date is required depending on the defendant's incarcerated status. That factual inquiry is unnecessary, and courts can instead focus on the summons itself. *Cf. Trusclair*, 2009 Ark. 203, at 4, 306 S.W.3d at 430 (rejecting a substantial compliance standard that would "lead to an ad hoc analysis in each case in order to determine whether the [constitutional] due process requirements . . . have been met").

To conclude, the summons in this case told the defendants that they had 30 days to respond if they were incarcerated. That misstated the rule, which says a defendant has 60 days to respond if incarcerated. Thus, the summons was defective, and the circuit court lacked jurisdiction to enter the default judgment. We therefore reverse the circuit court's denial of the motion to set aside the default judgment.

Reversed.

WALMSLEY and BROWN, JJ., agree.

*Crawley, DeLoache & Hargis, PLLC*, by: *Joel G. Hargis*; and *The Cruz Law Firm, PLC*, by: *Kathy A Cruz*, for appellants.

*Hosto & Buchan, P.L.L.C.*, by: *Travis A. Gray* and *Brien Saputo*, for appellee.