SLIP OPINION

Cite as 2015 Ark. 53

# SUPREME COURT OF ARKANSAS

No. CV-14-615

| | |
|---|---|
| EUGENE WESLEY<br>APPELLANT<br><br>V.<br><br><br>MARY ANN WILKINSON AND DIANE HART, LEE COUNTY CIRCUIT CLERK'S OFFICE<br>APPELLEES | **Opinion Delivered** February 19, 2015<br><br>PRO SE APPEAL FROM THE LEE COUNTY CIRCUIT COURT<br>[NO. 39CV-13-20]<br><br>HONORABLE L.T. SIMES, JUDGE<br><br>AFFIRMED. |

**PER CURIAM**

On February 11, 2013, appellant Eugene Wesley filed a civil rights complaint against the Lee County Circuit Court clerk and a deputy clerk, seeking declaratory judgment and money damages. He subsequently filed a motion for the defendants to produce certain documents and a motion for default judgment.

On March 25, 2014, the circuit court dismissed the complaint without prejudice on the ground that no summons had been issued or served in the matter as required by Arkansas Rule of Civil Procedure 4(i) (2014). The motions were declared moot. Appellant brings this appeal from the order.

Rule 4(i) provides that, if service of the summons and a copy of the complaint is not made upon a defendant within 120 days after the filing of the complaint or within the period of time allowed by an extension, the action shall be dismissed without prejudice. This court has held that statutory service requirements, being in derogation of common-law rights, must be strictly construed and that compliance with them must be exact. *Trusclair v. McGowan Working*

SLIP OPINION

*Partners*, 2009 Ark. 203, at 3, 306 S.W.3d 428, 430 (citing *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 120 S.W.3d 525 (2003)).

Appellant argues that he served a copy of the complaint on the defendants, but the record in this appeal does not reflect that summonses were ever issued or served in this matter. Accordingly, based on the record before us, we cannot say that the circuit court erred in dismissing the complaint without prejudice.

Affirmed.

*Eugene Wesley*, pro se appellant.

No response.