JIM HANNAH, Chief Justice | tAppellant Linda J. Earls (“Linda”)[1] appeals an order of the Greene County Circuit Court denying Linda’s motion to set aside default judgment in favor of ap-pellee Harvest Credit Management VI-B, LLC (“Harvest”). For reversal, Linda argues that the circuit court erred in granting default judgment because Harvest’s summons was defective. Pursuant to Arkansas Supreme Court Rule 1 — 2(b)(1) (2014), we have jurisdiction of this case, as this appeal involves an issue of first impression. We reverse. Linda and Tony L. Earls (“the Earlses”) received a Chase credit card, and Harvest is |2the assignee of the credit-card account. The Earlses made numerous charges on the card, leaving an outstanding balance of $4678.21. When the Earlses’ account remained past due, Harvest placed demands for payment, but the account went unpaid. On August 30, 2006, Harvest filed a complaint seeking a judgment against the Earlses in the amount of $4678.21, prejudgment interest of $2448.56, and attorney’s fees. On November 14, 2006, the Earlses were served with process. Harvest’s summons, which accompanied the complaint, stated that the answer must be filed, “within (20) TWENTY DAYS from the day you were served this summons; OR THIRTY (30) days if you are a nonresident of this state or a person incarcerated in any jail, penitentiary, or other correctional facility in this state” (emphasis added). According to Arkansas Rule of Civil Procedure 12(a) in effect at the time filed, the summons correctly stated that an in-state defendant had twenty days to answer and that an out-of-state defendant had thirty days to answer, but the summons incorrectly stated that an incarcerated defendant had thirty days, instead of sixty days, to file an answer. The Earlses were not incarcerated. The Earlses did not answer Harvest’s complaint. On March 13, 2007, the circuit court entered a default judgment in favor of Harvest in the amount of $4678.21, prejudgment interest of $2980.73, attorney’s fees of $500, and court fees of $240. On December 14, 2012, Linda filed a motion to set aside the default judgment, arguing that Harvest’s summons was defective on its face and did not strictly comply with Rule 4 of the Arkansas Rules of Civil Procedure because of the incorrect response time related to incarcerated defendants. She also asserted that the default judgment was void and unenforceable. In support of her position, Linda relied on an unreported federal district court ^decision that held that the summons, which was identical to the one in the 'present case, was defective. See Charkoma Res., LLC v. JB Energy Explorations, LLC, No. 09-02118, 2009 WL 4829014 (W.D.Ark. Dec. 8, 2009). In response, Harvest argued that the federal case was not binding on this court and that the Earlses’ response time was listed in its summons and, therefore, it complied with Rule 4.[2] On March 8, 2013, the circuit court entered its order denying Linda’s motion to set aside default judgment. Linda appealed to the court of appeals, which reversed the circuit court’s decision. See Earls v. Harvest Credit Mgmt., 2014 Ark. App. 294, 2014 WL 1856733. In Earls, the court of appeals held that the summons was defective because it stated that an incarcerated defendant had only thirty days to respond instead of the correct sixty days, even though the error did not apply to the Earlses. On May 23, 2014, Harvest filed a petition for review. In its petition, Harvest argued that the court of appeals’ holding conflicted with the plain language of Rule 4, which, Harvest claimed, does not expressly require a summons to list the correct response time for every potential defendant. Harvest maintained that Rule 4 requires only that a summons state the time within which the actual defendant is required to respond. Citibank, N.A. and Unifund OCR Partners filed amicus curiae briefs in support of Harvest’s argument. This court accepted Harvest’s petition for review. When we grant a petition for review, we consider the appeal as though it had been originally filed in this court. Bohannon v. Robinson, 2014 Ark. 458, 447 S.W.3d 585. On appeal, Linda argues that the circuit court erred in entering a default judgment and |4in refusing to set aside the default judgment because Harvest’s summons did not strictly comply with Rule 4. Specifically, Linda asserts that the summons was defective because it listed “the defendant,” as set forth in the language of Rule 4(b), when there were actually two defendants; that each one could have chosen a different response time listed in the summons; and that the response time of incarcerated defendants was in error. Harvest responds that the incorrect information on the summons was not applicable to the Earlses. In support of its position, Harvest cites Talley v. Asset Acceptance, LLC, 2011 Ark. App. 757, 2011 WL 6064975 (reversing the circuit court’s refusal to set aside the default judgment because the circuit court’s zip code was incorrect), for the proposition that Rule 4 requires substantial compliance and that any incorrect information that is superfluous will not render the summons deficient. Harvest also relies on this court’s ruling in Nucor Corporation v. Kilman, 358 Ark. 107, 186 S.W.3d 720 (2004), in which this court held that the summons at issue was not fatally defective' because Nucor, the party at issue, was correctly identified in the summons; that the summons in no way failed to apprise Nucor of the pen-dency of the lawsuit; and that a literal application of adhering to a strict compliance of Rule 4(b) would lead to an absurd result. The issue on appeal is whether an error, which does not apply to the actual defendant, or defendants in this case, renders the summons defective. Our standard of review for an order denying a motion to set aside default judgment depends on the grounds upon which the appellant claims the default judgment should be set aside. Steward v. Kuettel, 2014 Ark. 499, 450 S.W.3d 672. In eases in which the appellant claims that the default judgment is |svoid, our review is de novo, and we give no deference to the circuit court’s ruling. Id. Further, a circuit court’s interpretation of a court rule is reviewed de novo by this court. Gatson v. Billings, 2011 Ark. 125, 2011 WL 1206500. Rule 4(b) governs the form of summonses and provides as follows: (b) Form. The summons shall be styled in the name of the court and shall be dated and signed by the clerk; be under the seal of the court; contain the names of the parties; be directed to the defendant; státe the name and address of the plaintiffs attorney, if any, otherwise the address of the plaintiff; and the time within which these rules require the defendant to appear, file a pleading, and defend and shall notify him that in case of his failure to do so, judgment by default may be entered against him for the relief demanded in the complaint. Ark. R. Civ. P. 4(b) (2014) (emphasis added). This court adopted an “Official Form of Summons,” on May 24, 2001, and it became effective on July 1, 2001. See In re Implementation of Amend. 80: Amendments to Rules of Civ. P., 345 Ark. App’x 606 (2001) (per curiam) (mandating that specific language appear in a summons regarding the defending parties’ time for filing a responsive pleading). The law in Arkansas is well settled that service of valid process is necessary to give a court jurisdiction over a defendant. Patsy Simmons Ltd. P’ship v. Finch, 2010 Ark. 451, 370 S.W.3d 257; Smith v. Sidney Moncrief Pontiac, Buick, GMC Co., 353 Ark. 701, 120 S.W.3d 525 (2003). This court has explained its service requirements as follows: Our case law is well settled that statutory service requirements, being in derogation of common-law rights, must be strictly construed and compliance with them must be exact. This court has held that the same reasoning applies to service requirements imposed by court rules. More particularly, the technical requirements of a summons set out in Ark. R. Civ. P. 4(b) must be construed strictly and compliance with those requirements must be exact. Actual knowledge of a proceeding does not validate defective process. The reason for this rule is that service of valid process is necessary to give a court jurisdiction over a defendant. [fiWe have made it clear in a long line of cases that compliance with Rule 4(b) must be exact. The bright line standard of strict compliance permits cer- . tainty in the law; whereas, a substantial compliance standard would lead to ■ an ad hoc analysis in each case in order to determine whether the due-process requirements of the Arkansas and U.S. Constitutions have been met. Trusclair v. McGowan Working Partners, 2009 Ark. 203, at 3-4, 306 S.W.3d 428, 430 (emphasis added) (citations omitted). In applying our strict-compliance standard, this court has held that a summons that provides an incorrect number of days within which the defendant must file an answer after service of the summons is defective and will deprive the circuit court of jurisdiction over a defendant. See Patsy Simmons Ltd. P’ship, 2010 Ark. 451, 370 S.W.3d 257 (summons incorrectly informing the defendant, a domestic partnership, that it had thirty days, instead of twenty days, to answer); Trusclair, 2009 Ark. 203, 306 S.W.3d 428 (summons incorrectly notifying the defendant, a foreign corporation, that it' had twenty days, instead of thirty days, to answer). With this precedent in mind, we turn to the present case. Here, Harvest’s summons stated in pertinent part that the answer must be filed within (20) TWENTY DAYS from the day you were served this summons; OR THIRTY (30) days if you are a non-resident of this state or a person incarcerated in any jail, penitentiary, or other correctional facility in this state. As previously noted, Harvest’s summons incorrectly stated that an incarcerated defendant had thirty days, instead of sixty days, to file an answer. See Ark. R. Civ. P. 12(a). Here, the circuit court stated in its order that service upon the Earlses was proper. However, the language of Rule 4(b) requiring that the summons be directed to “the defendant,” or in this case, the Earlses, must be read in conjunction with Rule 12(a), which |7provides for varying response times for in-state, out-of-state, and incarcerated defendants. Given that Rule 4 and Rule 12 govern summonses and the response times therein, we cannot ignore our case law that states that a summons must comply exactly and not substantially with the requirements of Rule 4(b).[3] See Patsy Simmons Ltd. P’ship, 2010 Ark. 451, 370 S.W.3d 257. Thus, we conclude that the response times for each category of defendant — in-state, out-of-state, and incarcerated defendants — must be correct and exact. Further, pursuant to our holding in Trusclair, 2009 Ark. 203, 306 S.W.3d 428, the fact that the Earlses had knowledge of the proceedings, notwithstanding the error in the summons, did not validate process. This holding comports with our holding in Trusclair in which this court adhered to a bright-line standard, rejected a substantial-compliance standard, and refused to engage .in an ad-hoc analysis of deciding the validity of a summons on a case-by-case basis. Because Harvest’s summons contained an incorrect response time, it failed to meet the requirements of Rule 4(b) and Rule 12(a) by incorporation. We hold that Harvest’s summons falls short of strict compliance, as required by Rule 4(b). Accordingly, we reverse the circuit court’s grant of default judgment in favor of Harvest and its denial of Linda’s motion to set aside default judgment on the basis that service upon the Earlses was proper. Reversed and remanded; court of appeals opinion vacated. Special Justice James Arnold joins this opinion. Hart, J., concurs. Baker and Goodson, JJ., dissent. Wood, J., not participating. . The circuit court granted default judgment in favor of Harvest against Linda J. Earls and Tony L. Earls. Linda J. Earls filed the motion to set aside the default judgment. Linda J. Earls filed the notice of appeal, appeals the circuit court's default judgment, and its order denying the motion to set aside the default judgment. Thus, we treat Linda as the appellant in this case. . In Harvest’s argument, it refers to the appellant as the Earls. . For this reason. Harvest’s reliance on Nucor, 358 Ark. 107, 186 S.W.3d 720, is misplaced. Unlike Harvest’s summons in this case, the Nucor summons did not contain an erroneous statement of any of the provisions of either Rule 4(b) or Rule 12(a).