SLIP OPINION

Cite as 2016 Ark. App. 506

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-16-17

| | |
|---|---|
| TALMA LADD | Opinion Delivered: OCTOBER 26, 2016 |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, NINTH DIVISION [NO. 60CV-14-2087] |
| V. | |
| PS LITTLE ROCK, INC., AND NICK NAYLOR D/B/A NAYLOR FLOORING | HONORABLE MARY SPENCER MCGOWAN, JUDGE |
| APPELLEES | REVERSED AND REMANDED |

## KENNETH S. HIXSON, Judge

Appellant Talma Ladd appeals from an order dismissing with prejudice her complaint against appellee PS Little Rock, Inc. (Pro Source). The trial court dismissed Talma's complaint based on its finding that service on Pro Source was defective for various reasons. On appeal, Talma argues that she properly served Pro Source and that the order of dismissal should therefore be reversed. We agree, and we reverse the order of dismissal and remand for further proceedings.

Talma instituted this action in 2013 when she filed her initial complaint against Pro Source and separate defendant Nick Naylor d/b/a Naylor Flooring (Naylor).[1] The trial court subsequently entered orders dismissing Talma's complaint against Pro Source and Naylor without prejudice.

---

[1]For reasons explained later in this opinion, Naylor is not a party to this appeal.

Talma timely refiled her complaint in 2014 against Pro Source and Naylor. In her complaint, Talma alleged that she contacted Pro Source to perform certain floor work in her home. Pro Source allegedly persuaded Talma to retain the services of Naylor. On the recommendation of Pro Source, Talma hired Naylor to perform the floor work. Talma alleged that Naylor failed to perform the floor work in a workmanlike manner, which caused damages to her home. Talma filed suit against Naylor for negligence and breach of contract. Talma also sued Pro Source for negligence, deceit, and a violation of the Arkansas Deceptive Trade Practices Act, averring that Pro Source knew, or should have known, that Naylor lacked the ability to perform the floor work in a workmanlike manner.

Talma's summons and complaint were purportedly served on Pro Source's registered agent, The Corporation Company, on June 17, 2014. Pro Source filed a motion to dismiss Talma's complaint for various reasons, including that proper service had not been perfected and, therefore, that the trial court lacked jurisdiction over Pro Source. Talma subsequently filed a motion to strike Pro Source's motion to dismiss and for default judgment, and in the alternative a response to the motion to dismiss. In Talma's motion, she asserted that service of the summons and complaint had been perfected, and further that Pro Source had failed to file an answer within thirty days of service as required by Arkansas Rule of Civil Procedure 12(a).

The record reflects that the summons and complaint were sent by certified mail to Pro Source c/o The Corporation Company at 124 West Capitol Avenue, Suite 1400, Little Rock, AR 72201. Talma obtained the identity of Pro Source's registered agent, The Corporation Company, as well as its address, from information provided by the Arkansas

Secretary of State. The summons and complaint were received on June 17, 2014, as evidenced by the signature "CT Corp" in the signature block of the return receipt and "6-17-14" as the printed date of delivery on the receipt. However, the post office return receipt indicated that delivery was made to Suite 1900 and not Suite 1400 of the identified street address. In the typed address on the return receipt, the "4" had been changed to a handwritten "9." In the "proof of service" dated July 1, 2014, Talma's attorney represented, "I delivered the summons and complaint to The Corporation Company, an agent authorized by appointment or by law to receive service of summons on behalf of PS Little Rock, Inc. on 6-17-14."

On September 17, 2015, the trial court entered an order dismissing with prejudice Talma's complaint against Pro Source. The trial court made the following findings in support of its order:

> [T]he Plaintiff filed a summons with some entries for the proof of service. As evidenced by the Plaintiff's own filing, the Plaintiff entered the wrong address for the purported agent of the Defendant Pro Source; Plaintiff's counsel incorrectly indicated that he had personally delivered the summons and complaint to the purported agent when in fact he attempted to mail these pleadings via certified mail; the Plaintiff did not provide receipts for the certified mailing; the return receipt was not stamped by the post office, and no signature or name as to who received the document appears on the return receipt. The service in this case on the Defendant Pro Source is obviously defective.

Based on its finding that there had been no valid service within 120 days of the filing of the complaint as required by Arkansas Rule of Civil Procedure 4(i), the trial court dismissed Talma's complaint against Pro Source, and because the case had been previously dismissed, the dismissal was with prejudice. *See* Ark. R. Civ. P. 41(b).

Also, on the same day, the trial court entered a separate order dismissing Talma's complaint against Naylor with prejudice. That dismissal was based on Talma's failure to serve Naylor with her complaint within 120 days.

Talma filed a timely notice of appeal from both the order of dismissal in favor of Pro Source and the order of dismissal in favor of Naylor. However, after the record was filed on appeal, Talma filed a motion to voluntarily dismiss her appeal as to Naylor only, and we granted the motion. Therefore, the only remaining parties are appellant Talma and appellee Pro Source.

Talma argues on appeal that the trial court erred in dismissing her complaint against Pro Source because, contrary to the trial court's findings, she timely perfected service on Pro Source. We agree.

Our case law is well settled that statutory-service requirements, being in derogation of common-law rights, must be strictly construed and compliance with them must be exact. *Trusclair v. McGowan Working Partners*, 2009 Ark. 203, 306 S.W.3d 428. This court has held that the same reasoning applies to service requirements imposed by court rules. *Id.* More particularly, the technical requirements of a summons set out in Arkansas Rule of Civil Procedure 4(b) must be construed strictly and compliance with those requirements must be exact. *Id.* Actual knowledge of a proceeding does not validate defective process. *Id.* The reason for this rule is that service of valid process is necessary to give a court jurisdiction over a defendant. *Id.* This court reviews a trial court's factual conclusions regarding service of process under a clearly erroneous standard, and when dismissal is a matter of law, the

SLIP OPINION

court conducts a de novo review of the record. *Union Pac. R.R. Co. v. Skender*, 2016 Ark. App. 206, 489 S.W.3d 176.

Arkansas Rule of Civil Procedure 4(d) provides, for purposes relevant to this case:

(d) *Personal Service Inside the State.* A copy of the summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made upon any person designated by statute to receive service or as follows:

. . . .

(5) Upon a domestic or foreign corporation or upon a partnership, limited liability company, or any unincorporated association subject to suit under a common name, by delivering a copy of the summons and complaint to an officer, partner other than a limited partner, managing or general agent, or any agent authorized by appointment or by law to receive service of summons.

. . . .

(8)(A)(i) Service of summons and complaint upon a defendant of any class referred to in paragraphs (1) through (5), and (7) of this subdivision (d) may be made by the plaintiff or an attorney of record for the plaintiff by any form of mail addressed to the person to be served with a return receipt requested and delivery restricted to the addressee or the agent of the addressee. The addressee must be a natural person specified by name, and the agent of the addressee must be authorized in accordance with U.S. Postal Service regulations. *However, service on the registered agent of a corporation or other organization may be made by certified mail with a return receipt requested.*
(ii) Service pursuant to this paragraph (A) shall not be the basis for the entry of a default or judgment by default unless the record contains a return receipt signed by the addressee or the agent of the addressee or a returned envelope, postal document or affidavit by a postal employee reciting or showing refusal of the process by the addressee.

(Emphasis added.)

In deciding whether the trial court erred in concluding that Talma failed to perfect service on Pro Source, we must review each of the five reasons given by the trial court in support of its decision that service was defective. The first reason listed by the trial court

SLIP OPINION

was that Talma entered the wrong address for the purported agent of Pro Source on her summons.

Arkansas Code Annotated section 4-20-105(a)(1) (Supp. 2015) provides that a registered-agent filing with the Secretary of State must state the name of the represented entity's commercial registered agent. In this case, Talma obtained the identity of Pro Source's registered agent, The Corporation Company, from the Secretary of State where Pro Source identified its agent as such. Pro Source did not deny that The Corporation Company was its registered agent. The address for the registered agent was also taken from information provided to the Secretary of State. The address provided by the Secretary of State, and accurately reflected on Talma's summons, was 124 West Capitol Avenue, Suite 1400, Little Rock, AR 72201. It appears that the requirement that a corporation maintain a registered office and agent with proper address is to make it amenable to service of process or notice of other proceedings. *Delta Oil Co. v. Catalani*, 276 Ark. 66, 70, 633 S.W.2d 1, 3 (1982). Pro Source did not challenge the accuracy of the information provided by the Secretary of State and relied on by Talma, nor did it present proof that this was the wrong address. Moreover, it is clear that service was accomplished upon delivery because the return receipt was signed by "CT Corp," which Pro Source does not deny was authorized to accept service. Therefore, we conclude that this ground for defective service was unsupported.

The next reason for defective service given by the trial court was that Talma's counsel incorrectly indicated on the "proof of service" that he had personally delivered the summons and complaint to the purported agent, when in fact he attempted to mail these documents

via certified mail. Rule 4(g) requires the person effecting service to file a proof of service. However, Rule 4(g) further provides that "[f]ailure to make proof of service, however, shall not affect the validity of service." Because the record contains a return receipt demonstrating valid service on Pro Source, we conclude that any inaccuracies in the "proof of service" filled out by Talma's attorney did not invalidate the service.

The third and fourth grounds for dismissal given by the trial court were that Talma failed to provide receipts for the certified mailing and that the return receipt was not stamped by the post office. However, the third ground announced by the trial court was inaccurate because Talma did provide a return receipt demonstrating that the summons and complaint were delivered by certified mail. And, there is nothing in our rules of civil procedure requiring that the return receipt be stamped.

Finally, the trial court concluded that service was defective because no signature or name as to who received the documents appeared on the return receipt. This finding is belied by the fact that the return receipt is signed, "CT Corp." Pursuant to a 2004 amendment, the last sentence of Rule 4(d)(8)(i) now provides that "service on the registered agent of a corporation or other organization may be made by certified mail with a return receipt requested." The rationale for adding this last sentence to the rule was to establish less onerous requirements when service is made on the registered agent of a corporation or other organization. *Advance Fiberglass, LLC v. Rovnaghi*, 2011 Ark. 516. The rule, as amended, makes it very clear that restricted delivery is not required, and as such, there is no requirement that the addressee be a natural person or that the agent of the addressee be authorized in accordance with postal-service regulations. *Id*. The rule permits service by

7

certified mail, with return receipt requested, which is what occurred in the instant case. The signatory signed "CT Corp" in the signature block of the return receipt, and Pro Source does not contend that this was an unauthorized signature. Having concluded that there was valid service of process on Pro Source, we reverse the trial court's order of dismissal.

In Talma's brief, she also asks that we remand this case to the trial court with instructions to strike Pro Source's responsive pleading (filed more than thirty days after service of the complaint) and to enter a default judgment. Conversely, in Pro Source's brief, it contends that these issues were not preserved and were expressly abandoned because, in her notice of appeal, Talma stated that she "abandons any pending but unresolved claim."

We cannot conclude that Talma has abandoned her motions to strike Pro Source's brief or for default judgment. The language in her notice of appeal stating that she abandoned any pending and unresolved claim was made pursuant to the requirements of Arkansas Rule of Civil Procedure–Civil 3(e)(vi). Talma's notice of appeal further clarified that "[t]here are no outstanding claims in this case." Because the trial court dismissed Talma's complaint, it made no rulings on her motion to strike and motion for default judgment. These motions are not separate "claims" as contemplated by Rule 3(e)(vi) and have therefore not been abandoned by Talma. However, because the trial court has not ruled on Talma's motions, there are no rulings for us to review, and we decline to direct any action on these motions by the trial court. Upon remand, the disposition of these motions and any further proceedings will be for the trial court to resolve.

8

Finally, we observe that, in Pro Source's brief, it contends that because Talma abandoned her appeal against Naylor, the same dismissal should apply to her appeal against Pro Source. Pro Source argues that because of the dismissal as to Naylor, there remain no claims for damages against Pro Source. However, Pro Source has cited no authority nor provided any convincing argument that Talma's case against Pro Source must be dismissed on these grounds, and we reject Pro Source's invitation.

For the reasons set forth above, the order dismissing Talma's complaint against Pro Source is reversed. The case is remanded for further proceedings.

Reversed and remanded.

GLOVER and HOOFMAN, JJ., agree.

*Johnson & Vines, PLLC*, by: *James "Chris" McNeal* and *J. Andrew Vines*, for appellant.

*The Overton Firm, LLC*, by: *J. Don Overton*, for appellee PS Little Rock, Inc.

*Bryce Brewer Law Firm*, by: *Bryce Brewer*; and *Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for appellee Nick Naylor d/b/a Naylor Flooring.