Richard A. STROUD v. Jerry RYAN

88-151                                               763 S.W.2d 76

Supreme Court of Arkansas
Opinion delivered January 17, 1989

*Joe H. Hardegree*, for appellant.

*Shaw, Ledbetter, Hornberger, Cogbill & Arnold*, by: *J. Michael Cogbill*, for appellee.

DAVID NEWBERN, Justice. This is an attorney malpractice case. The trial court granted a judgment on the pleadings in favor of attorney Jerry Ryan after concluding the pleadings showed the three-year statute of limitations, Ark. Code Ann. § 16-56-105 (1987), had run. The appellant, Richard A. Stroud, contends the pleadings did not show that the statute of limitations had run. We agree with the appellant's argument, and therefore the case is reversed and remanded.

The complaint, as amended, alleged the following: Ryan negligently failed to make Stroud's response to a writ of garnishment served on Stroud on September 27, 1982, and given by Stroud to Ryan that same day. Stroud was held liable on the garnishment by default judgment for $22,674.01 on November 3, 1982. Upon Ryan's motion on behalf of Stroud, the default judgment was set aside "nunc pro tunc" by an order of December 4, 1984. The order setting aside the default judgment was reversed by the court of appeals on February 19, 1986. The judgment creditor thereafter sought execution of the judgment against Stroud in the amount of $31,988.45 which included the principal judgment plus interest. Ryan represented Stroud on this as well as other matters until March, 1986. Ryan repeatedly assured Stroud that he need not worry about the judgment because, even if they did not succeed in overcoming it legally, Ryan's malpractice insurance would pay it. Ryan did not disclose that the statute of limitations might pose a bar to Stroud's attempted recovery from Ryan.

Ryan's answer asserted the statute of limitations as a defense. The court's order granting judgment on the pleadings found the statute of limitations barred the complaint, citing decisions of this court and one federal court decision holding that, according to Arkansas law, the statute begins to run when the negligent act occurs. *Rhoades* v. *Simms*, 286 Ark. 349, 692

S.W.2d 750 (1985); *Riggs* v. *Thomas*, 283 Ark. 148, 671 S.W.2d 756 (1984); *Cotton* v. *Mosele*, 738 F.2d 338 (8th Cir. 1984). The court concluded that, because the period does not begin to run from the time the act of negligence is discovered and, in any event, there was no concealment of the negligence in this case, the three-year period had elapsed no later than November 3, 1985. The complaint in this case was filed December 18, 1986.

■ While we have held, in the *Rhodes* and *Riggs* cases cited above, that the statute of limitations begins to run when the act of malpractice occurs, we have not previously considered a claim that the running of the statute is suspended during a period when the party alleging malpractice could not have brought his claim because, in essence, the injury ceased for a time to exist.

■ As a general rule, the running of a statute of limitations is tolled during the time a putative plaintiff is prevented from bringing the action to which the statute of limitations applies. *Fidelity Union Cas. Co.* v. *Texas Power & Light Co.*, 35 S.W.2d 782 (Tex. Civ. App. 1931); *Broadfoot* v. *City of Fayetteville*, 124 N.C. 478, 32 S.E. 804 (1899). *See also Guaranty Trust* v. *United States*, 304 U.S. 126 (1938); *Amy* v. *Watertown*, 130 U.S. 320 (1899).

■ We have no hesitation in holding that the running of the statute of limitations was tolled while the default judgment was set aside. During that time, although the alleged negligent act had occurred, Stroud had no claim against Ryan, as he could have shown no injury. Stroud could not have brought his action against Ryan between December 4, 1984, and February 19, 1986. Stroud lost his right to respond on the merits to the garnishment writ when Ryan allegedly failed to answer, no later than 20 days after service on September 27, 1982. Stroud's complaint against Ryan was filed December 18, 1986, or approximately four years and 62 days from the earliest point at which Stroud's claim could have arisen. Subtracting the period during which the statute was tolled, which was one year and 77 days, less than three years had passed.

Reversed and remanded.