POPE COUNTY, Arkansas, et al. *v.* FRIDAY,
ELDREDGE & CLARK, a Partnership
and Professional Association

92-1060                                              852 S.W.2d 114

Supreme Court of Arkansas
Opinion delivered May 3, 1993

*Young & Finley*, by: *Dale W. Finley*, for appellants.

*Bridges, Young, Matthews & Drake*, by: *Stephen A. Matthews*, for appellee.

Tom Glaze, Justice. In 1988, the appellee law firm was retained by the appellants as bond counsel for the purpose of

assisting them in obtaining a valid bond issue for renovation and expansion of the county courthouse. On September 8, 1988, the quorum court adopted Emergency Ordinance No. 88-0-51 which was drafted by one of appellee's partners. On November 8, 1988, the bond issue was submitted to and approved by the voters, and on February 21, 1989, the appellee rendered its opinion to the trustee and the underwriter stating the new bonds had been validly issued and were binding on Pope County. Land was purchased and improvements were constructed.

A taxpayers' suit was subsequently filed, challenging the issuance of the bonds for the courthouse improvements, but on March 9, 1990, the chancellor upheld the bond issue and dismissed the plaintiffs' complaint. On appeal this court in a split-decision reversed the chancellor, finding that the bond ordinance was improperly presented to the voters and that it failed to obtain the voters' consent to transfer and use surplus funds from another or earlier public project for the courthouse improvements. This court further held that language in the ordinance did not authorize the expenditure of bond funds for construction of a parking lot. *Keeton v. Barber*, 305 Ark. 147, 806 S.W.2d 363 (1991). The *Keeton* decision was delivered on April 1, 1991. On remand the appellants were ordered to refund to the taxpayers approximately $300,000.00 and to pay their attorney fees and costs.

On January 21, 1991, the appellants filed their complaint alleging appellee was negligent in its performance as bond counsel. On June 10, 1992, the trial court granted the appellee's motion for summary judgment and dismissed the appellants' complaint with prejudice. In granting the summary judgment, the court found that the applicable statute of limitations for legal malpractice actions is three years. The trial court ruled the statute commenced when appellee's negligent act, if any, occurred which was when appellee prepared the bond ordinance, or at the latest, when the voters approved the bond issue on November 8, 1988. Under the trial court's findings, appellants had until November 8, 1991, to file their action against appellee. Thus, because the appellants delayed filing their suit until January 21, 1992, the trial court held their action was procedurally barred. The trial court rejected appellants' argument that the statute of limitations had been tolled under the facts and

circumstances of the case.

Appellants' primary argument is that the trial court erred in ruling the three-year-limitation period had not been tolled. In short, appellants for purposes of argument agree that, at the latest, the appellee's negligent act occurred and the limitation period started when the voters approved the courthouse bond issue on November 8, 1988.[1] They contend, however, that that period was tolled on March 9, 1990, when the chancellor in the *Keeton* case upheld the validity of the bond issue for the Pope County Courthouse improvements. At that juncture, sixteen months had run on the three-year period. It was at that stage, appellants argue, that the trial court's favorable bond decision effectively suspended the running of the statute of limitations for more than one year, namely, until this court on April 1, 1991 reversed the chancellor's ruling. Because of the one-year suspended period, appellants urge that they still had twenty months within which to file their malpractice action against appellee, and they did so on January 21, 1992.

In support of their tolling argument above, appellants rely on *Stroud* v. *Ryan*, 297 Ark. 472, 763 S.W.2d 76 (1989). We agree the *Stroud* decision is controlling. There, attorney Ryan failed to respond to a writ of garnishment which was served on his client, and Ryan's failure resulted in a default judgment against his client Stroud on November 3, 1982. Ryan successfully requested that the default judgment be set aside, and an order to this effect was entered on December 4, 1984. On February 19, 1986, the court of appeals reversed the lower court's order setting aside the default judgment. On December 18, 1986, Stroud sued Ryan alleging Ryan's negligence caused the default judgment, and Ryan defended, claiming the three-year limitation had run from the date of his negligent act. The trial court held Stroud's action was barred by the statute of limitations, but this court reversed. In sum, we held the limitation period had been tolled between the time the trial court erroneously set aside the default judgment

---

[1] In their second issue, appellants suggest even a later date by asserting appellee's negligence did not end until February 21, 1989, when the firm by letter opinion certified the validity of the bond issue. Because we reverse on appellants' first argument, we do not reach appellants' second issue.

against Stroud on December 4, 1984, and when the court of appeals' decision reversing the trial court's ruling was delivered on February 19, 1986. We reasoned that during this approximately fourteen-month period, Stroud simply had no malpractice claim which he could file against Ryan, and for that reason, the three-year statute of limitation should be suspended during that period. *See* and compare *Goldsby* v. *Fairley*, 309 Ark. 380, 831 S.W.2d 142 (1992).

Appellee attempts to distinguish the present case from the situation in *Stroud*, and asserts no need existed here to invoke the "tolling doctrine." It points out that its alleged negligence occurred on November 8, 1988, and our *Keeton* decision giving rise to appellant's malpractice claim was rendered on April 1, 1991, leaving appellants seven months to file suit before the original three-year limitation period expired. In *Stroud*, the initial three-year period had expired barring any suit but for this court having extended the limitation period. Appellee strongly urges that the tolling should not be applied as a salvage operation to permit the appellants to assert their claims after they slept on their rights through the normal statute of limitations.

Like in *Stroud*, the three-year limitation here was tolled during the period the trial court's ruling was in effect. Appellee cites no authority to support its suggestion that a court may refuse to recognize a tolled period where the reason for tolling happens to have ended prior to or within the original limitation period. To the contrary, this court has clearly indicated that the full period during which the effect of a statute is tolled is to be added to the statutory period without regard to the time when the limitation time would have otherwise expired. *See Ragland* v. *Alpha Aviation, Inc.*, 285 Ark. 182, 686 S.W.2d 391 (1985); *Dendy* v. *Greater Damascus Baptist Church*, 247 Ark. 6, 444 S.W.2d 71 (1969). Of course, the extension of the statutory period on account of tolling cannot enlarge the actual time period specified by the applicable statute.

In conclusion, we note appellee's argument and out-of-state citations of authority in asking this court to apply the doctrine of equitable estoppel against appellants for their delay in filing their action. Appellee states the general rule as being where grounds exist for estopping a defendant from pleading the statute

of limitations, estoppel will nevertheless be denied where the plaintiff fails to exercise due diligence in filing his action after such grounds cease to be operational as a valid basis for plaintiff to delay such filing. Appellee's argument merely reasserts in a different form its contention that the appellants here should have filed their lawsuit within the initial limitation period. We fail to see the applicability of equitable estoppel to the facts and circumstances before us. Neither the appellee caused appellants to delay filing their suit, nor was it shown appellants were not diligent in initiating their action. In any event, we find no legal justification to preclude appellants from relying on the full three-year limitation period which is clearly provided by the statute. Because appellants filed within that three-year period, their action was timely.

For the reasons given above, we reverse and remand.