

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CV-13-276

|  |  |
|---|---|
| | **Opinion Delivered** October 23, 2013 |
| SCOTT LINDBERG | APPEAL FROM THE PULASKI |
| APPELLANT | COUNTY CIRCUIT COURT, |
| | SIXTH DIVISION |
| V. | [NO. CV-09-7436] |
| | HONORABLE TIMOTHY DAVIS |
| MEHLBURGER BRAWLEY, PLLC, | FOX, JUDGE |
| MYRON HARRISON, WES LOWDER, | |
| NRS, INC., and ROGER FORD | |
| APPELLEES | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Scott Lindberg appeals the November 28, 2012 order of the Pulaski County Circuit Court denying Lindberg's motion to set aside summary judgment entered in favor of appellee NRS, Inc., and dismissing Lindberg's complaint with prejudice. The order also dismissed NRS's counterclaim with prejudice.[1] Lindberg argues that the trial court abused its discretion by granting NRS's summary-judgment motion. We affirm.

Lindberg was employed as an engineer with The Mehlburger Firm, PLLC, at the time its assets were sold to NRS Inc., out of Oklahoma. As part of the purchase agreement, NRS

---

[1]The court had previously granted dismissals to appellees Myron Harrison, Wes Lowder, and Roger Ford. Mehlburger Brawley, PLLC, was included in Lindberg's complaint as an Arkansas professional limited liability company. This company did not exist as named in the complaint and the intended company was never served; therefore, we treat it as a named but unserved defendant under Ark. R. Civ. P. 54(b)(5) (2012).

SLIP OPINION

agreed to assume the liability of Mehlburger to Lindberg in the amount of $24,242 to be paid in ten annual installments. After the purchase, Lindberg went to work for Mehlburger Brawley, Inc. He was laid off effective July 25, 2008. He subsequently filed a civil complaint on November 11, 2009, against Mehlburger Brawley, LLC, and Roger Ford seeking to recover the $24,242 liability NRS had agreed to assume. Lindberg also sought to recover payment for over 500 hours of vacation time, totaling $18,000, and $1500 he alleged was owed to him for the down payment on a vehicle now owned by NRS. Ford filed a motion to dismiss on January 7, 2010, alleging that the court did not have jurisdiction over him and that Lindberg failed to state facts upon which relief could be granted. Lindberg filed an amended complaint on January 20, 2010, adding Myron Harrison, Wes Lowder, and NRS, Inc., as defendants. He also filed a response to Ford's motion to dismiss. Lowder filed a motion to dismiss for insufficient and invalid service on January 28, 2010. On February 17, 2010, Harrison filed an answer and motion to dismiss the complaint against him. Lindberg filed a response to Harrison's motion on February 23, 2010.

On February 23, 2010, NRS filed an answer to Lindberg's amended complaint. That same day, Ford filed a motion to dismiss Lindberg's amended complaint. Lindberg filed a response to Ford's motion to dismiss on April 19, 2010. An order dismissing Ford, Lowder, and Harrison was filed of record on May 5, 2010. NRS filed a supplemental answer and a counterclaim for breach of contract on July 6, 2011. On July 8, 2011, NRS filed a motion for leave to file a motion for summary judgment. Lindberg filed a response to NRS's supplemental answer and counterclaim on July 25, 2011. He also filed a response to NRS's

motion for leave that same day. NRS filed a motion for summary judgment on November 7, 2011. In the motion, NRS put forth three main reasons summary judgment was appropriate: (1) NRS was not liable for the truck equity payment, (2) NRS was not liable for the vacation pay, and (3) NRS was not liable for the $24,242 in payments on the non-compete agreement. This appeal only involves NRS's third assertion because it appears that Lindberg has abandoned any challenge concerning the down payment and vacation pay on appeal.[2] NRS specifically argued two reasons why NRS was not liable for payment to Lindberg in the amount of $24,242: (a) because the annual installments were for future compensation, which ended at the time of Lindberg's termination from the company, and (b) Lindberg breached the non-compete agreement and was not entitled to receive payments. Lindberg filed a response to NRS's summary-judgment motion on November 23, 2011, denying the essential allegations in the motion. Lindberg also alleged that the non-compete agreement was entered into between Lindberg and his former employer, Mehlburger Firm, Inc., and that NRS was not a party to that agreement. Alternatively, he denied violating the agreement. Lindberg also questioned the enforceability of the agreement if it was found to be relevant to the complaint against NRS. Lindberg attached his affidavit wherein he stated that he had not violated the covenant not to compete.

A hearing on NRS's summary-judgment motion took place on May 14, 2012. The court orally granted the motion. A hearing was held on NRS's counterclaim on August 23,

---

[2]*DePriest v. AstraZeneca Pharm., L.P.*, 2009 Ark. 547, 351 S.W.3d 168; *Wagner v. Gen. Motors Corp.*, 370 Ark. 268, 258 S.W.3d 749 (2007).

SLIP OPINION

2012. The court ordered the parties to file closing arguments in brief form by September 14, 2012. On September 13, 2012, Lindberg filed a motion to set aside summary judgment and to grant judgment in his favor. NRS submitted its closing-argument brief on September 14, 2012, as ordered. It filed a response to Lindberg's motion on September 26, 2012. On November 28, 2012, the court filed an order denying Lindberg's motion to set aside summary judgment and dismissing his complaint against defendants with prejudice. It also dismissed NRS's counterclaim with prejudice. Lindberg filed his notice of appeal on December 27, 2012. This appeal followed.

The trial court did not specify the ground or grounds upon which NRS's summary-judgment motion was granted. Because the court did not specify its basis, both possible grounds must be addressed.[3] It is Lindberg's burden to demonstrate reversible error.[4]

On appeal, Lindberg argues that summary judgment was inappropriate because: (1) he met proof with proof on all issues raised in NRS's summary-judgment motion,[5] (2) the non-compete agreement was void as a matter of law, and (3) even if the non-compete agreement was valid, he did not breach it. Lindberg's arguments, however, fail to address NRS's alternate reason for summary judgment: the $24,242 was for future compensation and Lindberg's entitlement to it ended with his termination. As such, Lindberg has failed to demonstrate reversible error. When a trial court bases its decision on two independent

---

[3] See *Smith v. Heather Manor Care Ctr.*, 2012 Ark. App. 584, ___ S.W.3d ___.

[4] *Arrow Int'l, Inc. v. Sparks*, 81 Ark. App. 42, 98 S.W.3d 48 (2003).

[5] Lindberg argues that his affidavit, in which he denies that he violated the covenant not to compete, was sufficient to defeat NRS's summary-judgment motion.

SLIP OPINION

grounds and appellant challenges only one on appeal, the appellate court will affirm without addressing either.[6]  Thus, we summarily affirm.[7]

Affirmed.

WALMSLEY and HIXSON, JJ., agree.

*Brown Law Firm*, by: *Rebecca Brown*, for appellant.

*Emerson Poynter LLP*, by: *Scott E. Poynter*; and *Richardson Richardson Boudreaux Keesling, PLLC*, by: *David R. Keesling* and *Heidi L. Shadid*, for appellee.

---

[6]*Wells v. Wells*, 2013 Ark. App. 298.

[7]We note that Lindberg's addendum contains abstracts of deposition testimonies.  The abstracts of these depositions should be included in the abstract, if they are material, not in the addendum.  Ark. Sup. Ct. R. 4–2(a)(8)(A)(i) (2012). Because we summarily affirm without addressing the merits of Lindberg's arguments, we do not order rebriefing.