Cite as 2023 Ark. App. 377

# ARKANSAS COURT OF APPEALS
## DIVISION IV
No. CV-21-236

| | |
|---|---|
| APRIL MADDING<br><br>APPELLANT<br><br>V.<br><br>KEECH LAW FIRM, P.A.; AND PPGMR LAW, P.L.L.C.<br><br>APPELLEES | Opinion Delivered September 13, 2023<br><br>APPEAL FROM THE UNION COUNTY CIRCUIT COURT [NO. 70CV-20-29]<br><br>HONORABLE ROBIN CARROLL, JUDGE<br><br>AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

This is an appeal of a legal-malpractice lawsuit that the Union County Circuit Court dismissed. On appeal, appellant April Madding argues four points: (1) the circuit court erred in granting separate appellee Keech Law Firm's (Keech's) motion to dismiss for failure to state a cause of action; (2) the circuit court erred in granting appellee PPGMR Law, P.L.L.C.'s (PPGMR's) discovery motion; (3) the circuit court abused its discretion in denying April's motion to recuse and awarding attorney's fees; and (4) the circuit court erred in granting PPGMR's motion for summary judgment. We affirm.

April and Darrell Madding were married. Darrell owned interests in All-Star Recycling, LLC; All-Star Transportation, LLC; and GML Energy, Inc., f/k/a Darrell Madding, Inc. To assist with some company financing in August 2011, April signed a

"Mortgage, Fixture Filing, and Security Agreement" and a "Continuing Payment and Performance Guaranty." At her husband's request, she also signed a "Master Credit Agreement" with Metal Recycling Corporation and personally guaranteed the $375,000 loan.

In October 2015, Metal Recycling Corporation filed a complaint in Union County against April, Darrell, his companies, and others for breach of contract, fraud, conversion, and theft. In part, that complaint alleged that April guaranteed a $375,000 loan agreement. The court issued a summons for April.

In spring 2016, Kevin Keech (the principal of Keech) and Darrell called April at work. The three of them discussed the possibility that she and Darrell file bankruptcy, but April stated that she was not interested in doing so.

On June 15, 2016, Keech filed an answer on behalf of April, Darrell, and the other defendants. Less than three weeks later, on July 5, Keech requested to withdraw as counsel for all defendants. On July 26, the circuit court approved Keech's withdrawal. April claims that she was unaware that Keech represented her, filed an answer on her behalf, or withdrew from representing her. Later, PPGMR entered an appearance on her behalf, and filed an answer to Metal Recycling Corporation's amended complaint. Although PPGMR was served with a motion to strike and a motion for partial summary judgment, it withdrew from representing April without responding to those motions.

On February 22, 2017, Metal Recycling Corporation was awarded a default judgment against April and other defendants in the amount of $1,257,246.83. April contends that she

did not become aware of the judgment until she was deposed on September 15, 2017. At the time, she was represented by Brian Ratcliff, a lawyer with PPGMR. During the course of the Metal Recycling Corporation litigation, April and Darrell were married and lived together. He was the one who retrieved the mail from their mailbox. April did not know whether any mail or litigation documents were delivered to her home or if they were possibly intercepted by Darrell and then withheld from her. In May 2018, April divorced Darrell "for not telling her about the lawsuit."

On January 21, 2020, April filed a legal-malpractice complaint against Keech and PPGMR. April subsequently filed a first amended complaint against Keech and PPGMR. PPGMR answered, and Keech moved to dismiss, arguing that the three-year statute of limitations had run. April alleged that Keech was negligent; she did not allege any fraud or intentional concealment by Keech. Among other allegations, she contended that Keech answered the lawsuit without her permission, failed to assert certain defenses, and failed to notify her of his withdrawal. In Keech's motion to dismiss, it argued that the statute of limitations begins to run when the alleged negligent act occurs, not when the client discovers it. Keech explained that its representation of April concluded on July 26, 2016, and that April failed to file suit until January 27, 2020. April responded and admitted that the court granted Keech's withdrawal on July 26, 2016, but argued that her claim was not barred. The circuit court held a hearing on Keech's motion to dismiss.

April conceded that given that the "lawsuit wasn't filed until January of 2020," "the statute of limitations rules." But she then claimed that the wrongdoing was concealed, that

3

an "attorney has a duty to tell the client of the wrongdoing," and that Keech's failure to tell her of its withdrawal was "negligence." At no point did she argue that Keech's negligence was fraudulently concealed or that Keech took affirmative action to conceal April's claim. Keech explained that the complaint does not state what Keech did wrong, what was concealed, or what Keech affirmatively did to conceal it. At the conclusion of the hearing, the court granted Keech's motion to dismiss. On October 12, 2020, the circuit court entered its order dismissing April's claims against Keech, finding that the three-year statute of limitations had expired and that there were insufficient concealment allegations in the complaint. The court dismissed April's claims against Keech with prejudice.

April later filed a second amended complaint against PPGMR. On December 22, 2020, PPGMR moved for summary judgment based on the statute of limitations. A week later, on December 29, PPGMR filed a second motion for summary judgment with respect to proximate cause, arguing that the judgments about which April complained were entered due to conduct that occurred when she was proceeding pro se and prior to any appearance or representation by PPGMR. On March 12, 2021, the court entered an order granting PPGMR's statute-of-limitations and proximate-causation summary-judgment motions, ruling all remaining motions were moot, and it dismissed the claims against PPGMR with prejudice. This timely appeal is now properly before our court.

April's first appellate point is that the circuit court erred in dismissing her claims against Keech. We first note that April contends that our review should be based on a de novo standard. She is mistaken. "This court's standard of review for the granting of a motion

4

to dismiss is whether the circuit court abused its discretion." *Richardson v. Madden*, 2012 Ark. App. 120, at 3 (citing *Dockery v. Morgan*, 2011 Ark. 94, 380 S.W.3d 377) (reviewing statute-of-limitations decision in a legal-malpractice case for abuse of discretion) ; *see also Smith v. May*, 2013 Ark. 248, at 4 ("When reviewing a dismissal for failure to state a claim under Rule 12(b)(6), our standard of review is whether the trial court abused its discretion in dismissing the complaint."); *Worden v. Kirchner*, 2013 Ark. 509, at 6, 431 S.W.3d 243, 247.

April's claims are barred on the face of her complaint because she did not file suit within three years of Keech's withdrawal from representing her, and the limitations period was not tolled because she failed to allege facts demonstrating fraudulent concealment. She has not shown an abuse of discretion, nor has she preserved the fraudulent-concealment argument that she asserts on appeal.

The statute of limitations for legal-malpractice actions is three years. *Delanno, Inc. v. Peace*, 366 Ark. 542, 545, 237 S.W.3d 81, 84 (2006); Ark. Code Ann. § 16-56-105 (Repl. 2005). For well over one hundred years, the Supreme Court of Arkansas has held "that the statute of limitations in an action against an attorney for negligence begins to run, in the absence of concealment of the wrong, when the negligence occurs, not when it is discovered by the client." *Riggs v. Thomas*, 283 Ark. 148, 149, 671 S.W.2d 756, 757 (1984) (citing *White v. Reagan*, 32 Ark. 281 (1877)).

"[T]he applicable statute of limitations is a matter of public law and is easily discoverable, as is the date on which the statute began to run." *Hearst v. Newcomb*, 2018 Ark. App. 573, at 6, 564 S.W.3d 309, 313 (affirming no fraudulent concealment in legal-

malpractice case). In this case, April's complaint alleges that Keech filed an answer on her behalf on June 15, 2016, and less than six weeks later, on July 26, the circuit court approved Keech's withdrawal of her representation. Accordingly, any legal malpractice had to occur, if at all, no later than July 26, 2016, and the statute of limitations expired three years later, on July 26, 2019. April, however, did not file her original complaint against Keech until January 21, 2020. Thus, her complaint is barred on its face, and we affirm the circuit court's decision to dismiss the claims against Keech.

On appeal, April contends fraudulent concealment tolled the limitations period; however she failed to raise and develop this theory in the circuit court. *See Anderson v. Ark. Dep't of Hum. Servs.*, 2016 Ark. App. 428, at 8, 501 S.W.3d 831, 836 ("An argument must be raised and developed before the trial court to be preserved for review."). Her response to Keech's motion to dismiss never mentioned fraudulent concealment, and she cited no legal authorities to the circuit court to support this theory.

At the hearing, April mentioned "concealment" in passing but failed to develop the argument. She never argued fraudulent concealment or, for that matter, that Keech had committed fraud or intentionally concealed her claim below. On appeal, April now argues fraudulent concealment. However, this change in argument is prohibited. *See Hinson v. Eaton*, 322 Ark. 331, 336, 908 S.W.2d 646, 649 (1995) ("[T]he settled rule [is] that a party may not change his argument on appeal."); *King v. State*, 2018 Ark. App. 309, at 4 ("[P]arties cannot change the grounds for an objection on appeal, but are bound by the scope and nature of the objections and arguments presented at trial."). Accordingly, we summarily

affirm.

We turn now to April's fourth appellate point that the circuit court erred in granting PPGMR's motion for summary judgment.[1] The circuit court granted summary judgment to PPGMR on the basis of the circuit court's application of the Arkansas law governing legal-malpractice claims. Our standard of review of summary judgment is well settled. *See, e.g., Anglin v. Johnson Reg'l Med. Ctr.*, 375 Ark. 10, 15, 289 S.W.3d 28, 31 (2008). When parties file cross-motions for summary judgment, as was done in this case, "they essentially agree that there are no material facts remaining, and summary judgment is an appropriate means of resolving the case." *Douglas Cos. v. Walther*, 2020 Ark. 365, at 5, 609 S.W.3d 397, 400. When the parties agree on the facts, this court must "simply determine whether the appellee was entitled to judgment as a matter of law." *Crafton, Tull, Sparks & Assocs. v. Ruskin Heights, LLC*, 2015 Ark. 1, at 6, 453 S.W.3d 667, 671.

In April's briefs, she does not address both bases for summary judgment—specifically, the lack of evidence that any act or omission of PPGMR was the proximate cause of her damages. Her appellate argument is limited to discussion of the three-year statute of limitations. The Arkansas Supreme Court has uniformly held that "[w]hen a circuit court bases its decision on more than one independent ground . . . and the appellant challenges fewer than all those grounds on appeal, we will affirm without addressing any of the

---

[1]Because we affirm here, April's second appellate argument––that the circuit court erred in granting PPGMR's discovery motion––is now effectively moot.

grounds." *United Food & Com. Workers Int'l Union v. Wal-Mart Stores, Inc.*, 2014 Ark. 517, at 6, 451 S.W.3d 584, 587.

Further, we will not "research or develop an argument for appellant." *Joyce v. Ne. Ark. Cmty. Mental Health Ctr., Inc.*, 2021 Ark. App. 28, at 8. April does not address the alternative basis for summary judgment reflected in the circuit court's order: the lack of evidence of proximate cause, which is an essential element to every legal-malpractice claim. *See Manuel Bail Bond Co. v. Hosto & Buchan, PLLC*, 2018 Ark. App. 631, at 4, 567 S.W.3d 542, 545. This omission precludes appellate review of the summary-judgment order and the issues raised in her brief. *See Coleman v. Regions Bank*, 364 Ark. 59, 64, 216 S.W.3d 569, 573 (2005).

It is appellant's burden to demonstrate reversible error, and appellant's failure to do so requires this court to "summarily affirm." *Lindberg v. Mehlburger Brawley, PLLC*, 2013 Ark. App. 606, at 4. Such is the case here. Because the summary-judgment order is dispositive, the remainder of appellant's arguments directed to PPGMR are moot. *See Crockett v. Shelter Mut. Ins. Co.*, 2019 Ark. 365, at 6, 589 S.W.3d 369, 372 (holding that argument related to prejudgment motion in limine was moot where summary judgment was affirmed). Accordingly, we affirm.[2]

---

[2]April's second appellate argument is that the circuit court erred in granting "PPGMR's unfiled and unverified internet motion for discovery protection and refusing afterwards to consider appellant's efforts to set it aside." Because the circuit court's order granting summary judgment is affirmed, April's arguments related to the protective order are moot. *See Crockett, supra.* It is well settled that "[a]ppellate courts will not review issues that are moot." *See Toland v. Robinson*, 2019 Ark. 368, at 8, 590 S.W.3d 146, 151.

April also argues on appeal that the circuit court abused its discretion in denying her motion to recuse and in awarding attorney's fees against her for filing the motion to recuse.

A circuit court's order denying a motion to recuse is reviewed under an abuse-of-discretion standard. *See Shaffer v. State*, 2018 Ark. App. 581, at 4, 566 S.W.3d 522, 524. "A trial judge is presumed to be impartial, and a party seeking disqualification bears a substantial burden to prove otherwise." *Ahmad v. Horizon Pain, Inc.*, 2014 Ark. App. 531, at 5, 444 S.W.3d 412, 416. "The party seeking recusal must demonstrate bias," which must be shown objectively or by a "communication of bias." *Parkerson v. Brown*, 2013 Ark. App. 718, at 8, 430 S.W.3d 864, 871. There is an affirmative duty not to recuse where no conflict exists. *See Worth v. Benton Cnty. Cir. Ct.*, 351 Ark. 149, 156, 89 S.W.3d 891, 896 (2002).

If a motion is devoid of any facts supporting the assertion that the judge should recuse himself or herself, it may be disposed of by summary denial without a hearing. *Stilley v. Fort Smith Sch. Dist.*, 367 Ark. 193, 202–03, 238 S.W.3d 902, 907–08 (2006). Adverse rulings are not enough to demonstrate bias. *Taffner v. Ark. Dep't of Hum. Servs.*, 2016 Ark. 231, at 14, 493 S.W.3d 319, 329. Even if a judge improperly fails to recuse himself or herself, there must be an additional showing of prejudice from the failure to recuse for an appellate court to reverse. *See Duty v. State*, 45 Ark. App. 1, 6, 871 S.W.2d 400, 403 (1994); *see also Trimble v. State*, 336 Ark. 437, 986 S.W.2d 392 (1999).

Similarly, an award of attorney's fees will not be set aside absent an abuse of discretion. *Reynolds Forestry Consulting & Real Estate, PLLC v. Colbey*, 2019 Ark. App. 209, at

9

12, 575 S.W.3d 176, 184. An abuse of discretion occurs only where a circuit court acts "improvidently, thoughtlessly, or without due consideration." *See id.*

In the instant case, April's evidence of alleged bias and argument that the circuit court abused its discretion in denying her motion to recuse is not convincing. Her argument is not developed, and any point she makes regarding the judge's apparent bias revolves around the fact that there were adverse rulings. This has been repeatedly rejected as insufficient to establish bias or impartiality.

Our supreme court recently reiterated that "[a]dverse rulings standing alone demonstrate neither bias nor lack of impartiality." *Clowers v. Edwards*, 2020 Ark. 367, at 7 (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). "A party's displeasure with legal rulings does not form an adequate basis for recusal. The exercise of judgment does not show bias. After all, it is what judges must do." *Id.*

Here, the record does not establish bias by Judge Carroll or prejudice to April, both of which are necessary for reversal. When there is no evidence of bias, this court's analysis ends, and the circuit court's order is affirmed. *See Rogers v. Rogers*, 80 Ark. App. 430, 443, 97 S.W.3d 429, 438 (2003). Further, when there is no resultant prejudice in the appellate record, a trial judge's alleged failure to recuse himself or herself "becomes a moot issue." *Elmore v. State*, 13 Ark. App. 221, 228, 682 S.W.2d 758, 762 (1985).

April makes no actual argument in her principal brief regarding why the court was in error for awarding fees; instead, she only points to it as evidence of the court's bias. It is well established that we will not consider an argument if the appellant does not make a

convincing argument or cite authority to support it. *Orintas v. Point Lookout Prop. Owners Ass'n Bd. of Dirs.*, 2015 Ark. App. 648, at 2, 476 S.W.3d 174, 175. The failure to develop a point legally or factually is reason enough to affirm the circuit court's order. *Id.* In her reply brief, April developed some arguments and referred to the evidence submitted below. However, an argument made for the first time on reply comes too late. *Id.* at 3, 476 S.W.3d at 176. This court will not consider an argument made for the first time in a reply brief. *Abdin v. Abdin*, 94 Ark. App. 12, 223 S.W.3d 60 (2006). Because April failed to present this court with convincing and developed argument, we affirm the circuit court's award of attorney's fees.

Affirmed.

MURPHY and BROWN, JJ., agree.

*Harry McDermott*, for appellant.

*Friday, Eldredge & Clark, LLP*, by: *Donald H. Bacon* and *Martin A. Kasten*, for separate appellee Keech Law Firm, P.A.

*Barber Law Firm, PLLC*, by: G. *Spence Fricke* and *Adam D. Franks*, for separate appellee PPGMR, P.L.L.C.